UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

**MIRTHA MAZA-TEJEDA,**

**Plaintiff,**

vs.

**SEABOARD SOLUTIONS, INC.,**

**Defendant.** /

**COMPLAINT**

Plaintiff, MIRTHA MAZA-TEJEDA ("MAZA-TEJEDA"), by and through undersigned counsel, brings this Complaint against Defendant, SEABOARD SOLUTIONS, INC. ("SEABOARD"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et. seq., ("FMLA").

2. Venue is proper in Miami-Dade County, in the Southern District of Florida, because all of the events giving rise to these claims arose in this County.

**PARTIES**

3. MAZA-TEJEDA is a resident of Miami-Dade County, Florida, over eighteen (18) years of age, and is otherwise *sui juris*. MAZA-TEJEDA was an "eligible employee" within the meaning of the FMLA, 29 U.S.C § 2611(2).

4. SEABOARD is authorized to do business and is doing business in the State of Florida. SEABOARD was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

-1-

*Mirtha Maza-Tejeda vs.*
*Seaboard Solutions, Inc.*

*Complaint*

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was employed by Defendant from April 2019 until she was forced to tender her resignation effective on July 31, 2021.

7. Plaintiff was a full-time employee of Defendant, and she worked at least 1,250 hours in the twelve months preceding her request for leave under the FMLA.

8. On or about February 4, 2021, Plaintiff became ill with Covid-19 requiring her to receive medical attention and to quarantine per the recommendation of the U.S. Center for Disease Control.

9. In addition to Plaintiff herself, Plaintiff's husband and two adult children all tested positive for Covid-19 during the same week and required medical care/attention.

10. Plaintiff immediately notified Defendant's human resources department and her direct supervisor, Heidi Artidiello of her positive Covid-19 test result and her need for leave.

11. Plaintiff frequently experienced Covid-19 related symptoms and required leave, for which she was eligible under the FMLA.

12. Although Plaintiff kept Defendant apprised of her serious health condition, Defendant required Plaintiff to use all her paid time off and ceased paying Plaintiff during her recovery from Covid-19 prior to providing her the information to request FMLA.

13. Plaintiff immediately applied for FMLA benefits through Defendant's benefits provider, but was denied FMLA benefits, including her regular salary.

14. Plaintiff spent nearly two months testing positive for Covid-19, before testing negative and gradually regaining her health back.

15. Plaintiff despite dealing with the lingering effects of Covid-19 was able to return gradually to working full time over the several months after her diagnosis.

16. Upon Plaintiff's return, Defendant reprimanded Plaintiff for requesting FMLA and for not coming into work while still testing positive for Covid-19.

17. Defendant also placed blame on Plaintiff for the backlog of work, stating Plaintiff should have come in to work instead of staying home while recovering from Covid-19.

18. Defendant engaged in a pattern of harassment upon Plaintiff's return to work that caused her to feel uncomfortable and guilt stricken over having contracted Covid-19.

19. Thereafter, Defendant took adverse employment action against Plaintiff, including subjecting Plaintiff to discipline for activity that was covered under the FMLA, and harassing Plaintiff to the point to which Plaintiff was forced to resign her employment for exercising her rights under the FMLA.

20. Defendant's actions described above were so severe that Plaintiff suffered and continues to suffer permanent and irreparable psychological damage which requires continual treatment and therapy.

21. Plaintiff has satisfied all conditions precedent, or they have been waived.

22. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

## COUNT I
## FMLA INTERFERENCE

23. Plaintiff realleges paragraphs 1 through 22.

*Mirtha Maza-Tejeda vs.*
*Seaboard Solutions, Inc.*

*Complaint*

24. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA. requiring leave protected under the FMLA.

25. Defendant interfered with Plaintiff's FMLA rights by failing to notify Plaintiff of her rights under the FMLA, and reprimanding Plaintiff for tardiness/absenteeism that was covered under the FMLA.

26. Plaintiff exercised Plaintiffs FMLA rights, and Defendant interfered with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands: (a) That this Court enter a judgment that Defendant interfered with Plaintiff:; rights in violation of the FMLA; (b) An injunction restraining continued violation of the FMLA; (c) Compensation for lost wages, benefits, and other remuneration; (d) Front pay; (e) Liquidated Damages; (f) Prejudgment interest on all monetary recovery obtained; (g) All costs and attorney's fees incurred in prosecuting these claims; and (h) For such further relief as this Court deems just and equitable.

## COUNT II
## FMLA RETALIATION

29. Plaintiff realleges Paragraphs 1 through 22.

30. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

*Mirtha Maza-Tejeda vs.*
*Seaboard Solutions, Inc.*

*Complaint*

31. Plaintiff attempted to exercise Plaintiff's FMLA rights.

32. Defendant retaliated against Plaintiff for attempting to exercise her FMLA rights.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands: (a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA; (b) An injunction restraining continued violation of the FMLA; (c) Compensation for lost wages, benefits, and other remuneration; (d) Front pay; (e) Liquidated Damages; (f) Prejudgment interest on all monetary recovery obtained; (g) All costs and attorney's fees incurred in prosecuting these claims; and (h) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

**DATED THIS  8th  OF DECEMBER, 2022**

*/s/ Jose-Trelles Herrera*
**JOSE-TRELLES HERRERA, ESQ.**
**Florida Bar No.: 113685**
**HERRERA LAW FIRM, P.A.**
**P.O. Box 442968**
**Miami, Florida 33144**
**Tel: (305) 445-1100 / Fax: (305) 221-8805**
**E-mail: JTHerrera@Herreralawfirm.com**
**          VTarajano@Herreralawfirm.com**